**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| JASON SPROWLS, individually and on behalf of all others similarly situated, | : : : : | |
| Plaintiff, | : : | Case No. _____ |
| vs. | : : | State Court Case No. 2023LA000236 |
| ACE HARDWARE CORPORATION and HONEYWELL INTERNATIONAL INC., | : : : | |
| Defendants. | : : | |

**NOTICE OF REMOVAL OF HONEYWELL INTERNATIONAL INC.**

Defendant Honeywell International Inc. ("Defendant" or "Honeywell"), by and through its counsel, Blank Rome LLP, pursuant to 28 U.S.C. §§ 1332, 1441, 1446, 1453, and 1711, and the Local Rules of the U.S. District Court for the Northern District of Illinois (the "Local Rules"), hereby removes this action from the Circuit Court of DuPage County, Illinois ("State Court"), to the U.S. District Court for the Northern District of Illinois, Eastern Division. In support thereof, Defendant states as follows:

**BACKGROUND**

1. Honeywell exercises its rights under the provisions of 28 U.S.C. §§ 1331, 1332, 1441, and 1446 to remove this case from the State Court where this case is pending under the name and style of *Jason Sprowls et al. v. Ace Hardware Corporation et al.*, Case No. 2023LA000236 (Cir. Ct. DuPage County).

2. 28 U.S.C. § 1441(a) provides any civil action brought in a state court of which the district courts of the United States have original jurisdiction may be removed to the U.S. district court for the district and division embracing the place where such action is pending.

3.      This is a civil action instituted in the State Court that has not been tried.

4.      On March 6, 2023, Plaintiff Jason Sprowls ("Plaintiff") filed his original *Class Action Complaint* (the "Complaint") in the State Court. A true and correct copy of the available file, including the Complaint, **Exhibit A**, is attached hereto.

5.      Honeywell received a copy of the Summons and Complaint on March 22, 2023. This Notice is thus timely under 28 U.S.C. §§ 1446(b) and 1453.

6.      As more fully set forth below, this case is properly removed to this Court under 28 U.S.C. § 1441 because this Court has original jurisdiction pursuant to 28 U.S.C. § 1332(d)(2), in that Plaintiff's action constitutes a class action—as defined in 28 U.S.C. § 1332(d)(1)(B)—pursuant to the Class Action Fairness Act, codified at 28 U.S.C. §§ 1332(d) and 1453 ("CAFA").

## SUBJECT MATTER JURISDICTION

### THIS CLASS ACTION IS REMOVABLE UNDER THE
### CLASS ACTION FAIRNESS ACT, 28 U.S.C. §§ 1332(d), 1453

7.      CAFA, 28 U.S.C. § 1332(d), was enacted "to facilitate adjudication of certain class actions in federal court." *See Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014). Accordingly, CAFA expands jurisdiction for diversity class actions by creating federal subject matter jurisdiction if: (1) a class has 100 or more class members; (2) at least one class member is diverse from at least one defendant (*i.e.,* "minimal diversity"); and (3) there is more than $5 million, exclusive of interest and costs, in controversy in the aggregate. *See* 28 U.S.C. § 1332(d); *see also Roppo v. Travelers Commer. Ins. Co.*, 869 F.3d 568, 578 (7th Cir. 2017).

8.      As set forth below, this Court has subject matter jurisdiction pursuant to CAFA Section 1332(d)(2) because: (1) this case is a class action as defined in 28 U.S.C. § 1332(d)(1)(B); (2) at least one member of the putative class is a citizen of a state different from any defendant;

and (3) there is more than $5 million, exclusive of interest and costs, in controversy in the aggregate. Because all three requirements have been met, removal is appropriate.

I.       **The Minimal Diversity of Citizenship Requirement is Satisfied.**

9.       At the time Plaintiff commenced this action against Honeywell and separate Defendant, Ace Hardware Corporation ("Ace Hardware"), in State Court, and now at the time of removal, there was and is minimal diversity of citizenship as contemplated by Section 1332(d)(2)(A) of CAFA.

10.      CAFA provides that the minimal diversity requirement is met if any member of a class of plaintiffs is a citizen of a state different from *any* defendant. 28 U.S.C. § 1332(d)(2)(A) (emphasis added). This requirement is met here, as Honeywell is a citizen of a different state than the named Plaintiff.

11.      The Complaint identifies the named Plaintiff as a citizen of Illinois. Ex. A1 ¶ 12.

12.      The Complaint identifies Honeywell as being incorporated in Delaware. *Id.* ¶ 14. Honeywell's principal place of business is in North Carolina. *Id.*

13.      The Complaint identifies Ace Hardware as being incorporated in Delaware and having a principal place of business in Illinois. *Id.* ¶ 13.

14.      For purposes of diversity citizenship under 28 U.S.C. §§ 1332(a) and (d), Honeywell is a citizen of a state other than the state of Illinois.

15.      As a citizen of North Carolina and Delaware, Honeywell is a citizen of a state other than the state of citizenship of the named Plaintiff identified in the Complaint; accordingly, diversity of citizenship is established under 28 U.S.C. § 1332(d)(2)(A).

II.     **The Amount in Controversy Requirement Under CAFA is Satisfied Because the Aggregate Amount in Controversy Exceeds $5,000,000.**

16.     Under CAFA, the claims of the individual plaintiffs in a class action are aggregated to determine if the amount in controversy exceeds the sum or value of $5,000,000. *See* 28 U.S.C. §§ 1332(d)(6), (d)(11).

17.     The "party seeking removal does not need to establish what damages the plaintiff will recover, but only how much is *in controversy* between the parties. A removing defendant need not confess liability in order to show that the controversy exceeds the threshold." *Roppo*, 869 F.3d at 579 (emphasis supplied) (citing *Blomberg v. Serv. Corp. Int'l*, 639 F.3d 761, 763 (7th Cir. 2011); *Spivey v. Vertrue, Inc.*, 528 F.3d 982, 986 (7th Cir. 2008)).

18.     Here, Plaintiff's claims meet the jurisdictional threshold set forth in CAFA Section 1332(d)(6) in that, if awarded, the aggregate amount of the damages and other relief sought by the putative class would exceed $5,000,000, exclusive of interest and costs.

19.     The Complaint identifies the size of the putative class to be "substantial" and "believed to amount to thousands of persons." Ex. A1 ¶ 57.

20.     Where, as here, a complaint fails to plead a specific amount of damages or disclaims an amount of damages in excess of $5,000,000, the party seeking removal need only make a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. *Dart Cherokee*, 135 S. Ct. at 554.

21.     A party seeking to remove under CAFA must establish the amount in controversy by showing "a reasonable probability that the stakes exceed the minimum." *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 449 (7th Cir. 2005). "Once the proponent of jurisdiction has set out the amount in controversy, only a 'legal certainty' that the judgment will be less forecloses

federal jurisdiction." *Id.* at 448-49 (citing *Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283 (1938)).

22.     CAFA's legislative history makes clear that doubts regarding the maintenance of class actions in state or federal court should be resolved in favor of federal jurisdiction. *See, e.g.*, S. Rep. No. 109-14, at *43, as reprinted in 2005 WL 627977 ("[o]verall, new section 1332(d) is intended to expand substantially federal court jurisdiction over class actions"); *see also Dart Cherokee*, 135 S. Ct. at 550 ("no antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court").

23.     The Complaint seeks relief for purported violations of the Illinois Biometric Information Privacy Act, 740 ILCS 14/1 *et seq*. ("BIPA"). *See* Ex. A1 ¶¶ 61-83.

24.     Plaintiff specifically alleges that Ace Hardware and Honeywell violated BIPA when certain Ace Hardware employees used Honeywell's Vocollect Solutions technology ("Vocollect Technology"), which purportedly collected Plaintiff's (and putative class members') voice biometrics without first: (a) developing and providing a publicly available retention schedule and deletion guidelines for permanently destroying biometrics, and failing to delete any biometrics in Defendant's possession when the initial purpose for collecting or obtaining the biometrics had been satisfied; and (b) obtaining the requisite releases and informing them in writing that their biometric identifiers and/or biometric information were being collected, captured, stored, used, and/or otherwise obtained, of the specific purpose(s) of capturing, collecting, or otherwise obtaining their biometrics, and the length of time Defendant would collect, store, and use their biometrics. *Id.* ¶¶ 5; 14; 41-45; 52-55; 63-71; 80-82.

25.     Plaintiff seeks an award of "statutory damages of $5,000 for each intentional and/or reckless violation of BIPA . . . or, in the alternative, statutory damages of $1,000 for each negligent

violation of BIPA" as well as "reasonable attorneys' fees and costs and other litigation expenses" and, to the extent allowable, pre- and post-judgment interest. *Id*. ¶¶ 72; 83; pp. 24-25 at C-E; p. 27 at C-E.

26.    Lastly, the Complaint also seeks declaratory relief as well as injunctive and other equitable relief ordering "Defendants to possess biometrics in compliance with BIPA" and requiring Defendants to comply with requirements for the collection, capture, storage, use, and/or obtainment of biometrics, and to protect the interests of Plaintiff and the Class by requiring Defendants to comply with BIPA. *See* Ex. A1 ¶¶ 61-83; p. 24 at D; p. 27 at D.

27.    As a threshold matter, a removing defendant may aggregate all claims to determine the total amount in controversy.  *See* 28 U.S.C. § 1332(d)(6) (providing that the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds $5,000,000, exclusive of interest and costs).

28.    The Complaint does not disclaim an amount in controversy in excess of $5,000,000.

29.    BIPA provides for liquidated damages of $1,000 for each negligent violation. 740 ILCS 14/20(1). In addition, BIPA also provides for liquidated damages of $5,000 for each intentional or reckless violation. 740 ILCS 14/20(2).

30.    Here, Plaintiff alleges that Honeywell and Ace Hardware collected, captured, stored, used, and/or otherwise obtained Plaintiff's biometric identifiers without obtaining written consent or disclosing the specific purpose and length of time in which the plaintiff's biometrics were being collected in violation of Section 15(b) of BIPA.  Ex. A1 ¶¶ 81-82.

31.    Plaintiff also claims that Honeywell and Ace Hardware violated Section 15(a) of BIPA by "fail[ing] to provide a publicly available [a biometric data retention and deletion] policy" and claims that "Defendants failed to destroy Plaintiff's and the Class's biometrics after the initial

6

purpose for collecting or using the biometrics had elapsed." *Id.* ¶¶ 68-71. These allegations, in conjunction with Plaintiff's Prayer for Relief under 740 ILCS 14/20(2), demonstrates Plaintiff is seeking the greater of actual damages or $5,000 for each alleged BIPA violation. *Id.* ¶ 45.

32.     Plaintiff also seek to represent a class of "[a]ll Illinois citizens who worked for Ace in Illinois, used the Vocollect Technology in the state of Illinois, and had their biometrics possessed, collected, captured, stored, used, and/or otherwise obtained by Defendants during the relevant statute of limitations period." *Id.* ¶ 56.

33.     Plaintiff's Complaint alleges that the class to amount to "thousands of persons" and seeks statutory damages in the amount of $5,000 per each violation of BIPA. *Id.* ¶¶ 57, 72, 83.

34.     Accordingly, and on the face of Plaintiff's Complaint, for the purposes of CAFA aggregation[1], there are at least 1,000 members of the putative class alleged by Plaintiff. Therefore, the aggregate amount of liquidated damages for all individuals in the putative class, each at $5,000 or more, exceeds $5 million.

35.     In addition, Plaintiff seek an award of "reasonable attorneys' fees and costs incurred in this litigation." Ex. A1 ¶ 72.

36.     Together, by joining their claims in one action, Plaintiff and their purported class have placed in controversy at least $5,000,000 in damages.

37.     The $5,000,000 amount in controversy threshold is thus satisfied for purposes of 28 U.S.C. § 1332(d)(6).

---

[1]  Defendant makes this representation with respect to CAFA removal only and does not concede the putative class size the for purposes of numerosity under Rule 23 of the Federal Rules of Civil Procedure. *Roppo*, 849 F.3d at 579. Defendant also does not concede it can identify each putative class member.

### III.     PLAINTIFF HAVE ALLEGED CONCRETE, MATERIAL HARMS SUFFICIENT TO ESTABLISH ARTICLE III STANDING

38.     Defendant bears the burden of establishing this Court has jurisdiction. *Tri-State Water Treatment, Inc. v. Bauer*, 845 F.3d 350, 352-53 (7th Cir. 2017) (explaining "the party seeking removal . . . bears the burden of establishing federal jurisdiction"). Article III standing is a component of the jurisdictional analysis. *Collier v. SP Plus Corp.*, 889 F.3d 894, 896 (7th Cir. 2018) ("As the party invoking federal jurisdiction, [defendant] had to establish that all elements of jurisdiction—including Article III standing—existed at the time of removal.").

39.     For a defendant to establish plaintiff has Article III standing, a defendant must demonstrate plaintiff alleges an injury-in-fact that was caused by defendant and that is redressable by this Court. *Groshek v. Time Warner Cable, Inc.*, 865 F.3d 884, 886 (7th Cir. 2017) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)) ("The 'irreducible constitutional minimum of standing' consists of three elements: injury-in-fact, causation, and redressability.").

40.     For an injury to qualify as an injury-in-fact, it must be "concrete and particularized" and "actual and imminent, not conjectural or hypothetical." *Spokeo, Inc. v. Robbins*, 136 S. Ct. 1540, 1548 (2016); *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 210 L. Ed. 2d 568, 595 (2021) ("No concrete harm, no standing.").

41.     Here, Plaintiff has alleged the type of "concrete" injury-in-fact that courts within the Seventh Circuit have held sufficiently confer Article III standing in BIPA cases.[2]

42.     The Seventh Circuit addressed the question of Article III standing in the context of BIPA in *Bryant v. Compass Group USA, Inc.*, 958 F.3d 617 (7th Cir. 2020). There, the Seventh Circuit held the failure to provide notice and/or obtain consent prior to the collection of biometric

---

[2]  As before, this discussion of injury is limited to whether Plaintiff has alleged an injury-in-fact sufficient to confer Article III jurisdiction. Defendant hereby contests that Plaintiff has suffered an "actual injury"— or is an "aggrieved party" under BIPA—and reserves the right to raise such an argument at a later date.

information or biometric identifiers both inflict a personal privacy injury sufficient to establish the Article III "injury-in-fact" prong of the standing analysis for BIPA Section 15(b) claims. *Id.* at 626.

43.     Here, Plaintiff claims Defendant violated BIPA Section 15(b) by failing to obtain written releases as required by BIPA Section 15(b)(3), and by failing to inform Plaintiff and the Class in writing of the information required to be disclosed under BIPA Sections 15(b)(1) and (2). *See* Ex. A1 ¶¶ 5; 45; 80-82; p. 18 at E.

44.     Thus, based on the allegations in the Complaint, Plaintiff has alleged the existence of a "concrete" injury-in-fact sufficient to confer Article III standing in this Court as it relates to Plaintiff's BIPA Section 15(b) claim against Defendant in this case.

## PROCEDURAL COMPLIANCE

45.     In accordance with the requirements of 28 U.S.C. § 1446(b), a Notice of Removal should be filed within thirty (30) days after service of the Summons and Complaint on a defendant.

46.     Here, a copy of the Summons and Complaint was served March 22, 2023. Ex. A2.

47.     Pursuant to 28 U.S.C. § 1441 *et seq.*, the right exists to remove this case from the State Court to the U.S. District Court for the Northern District of Illinois, which embraces the place where the action is currently pending.

48.     The U.S. District Court for the Northern District of Illinois, Eastern Division embraces the county in which the State Court action is now pending (*i.e.*, DuPage County); thus, this Court is a proper venue for this action pursuant to 28 U.S.C. § 93(a)(1).

49.     No previous application has been made for the relief requested herein.

50.     Pursuant to the provisions of 28 U.S.C. § 1446(a), attached hereto are copies of all process, pleadings, and orders served upon Defendant, including the *Class Action Complaint*,

bearing case number 2023LA000236, filed in the Circuit Court of DuPage County, Illinois (*see* **Exhibit A**, attached).

51.     Written notice of the filing of this Notice of Removal will be served upon counsel for Plaintiff as required by law.

52.     A true and correct copy of this Notice of Removal will be filed with the clerk of the State Court, as required by law, and served upon counsel for Plaintiff.

Respectfully submitted,

**DATED**: April 21, 2023          **BLANK ROME LLP**

*s/ Jeffrey N. Rosenthal*
Jeffrey N. Rosenthal
One Logan Square
130 North 18th Street
Philadelphia, PA 19103
Tel.: (215) 569-5553
Fax: (215) 832-5533
Email: jeffrey.rosenthal@blankrome.com

Amanda M. Noonan
444 W. Lake Street, Suite 1650
Chicago, IL 60606
Tel.: (312) 776-2537
Fax: (312) 896-9181
Email: amanda.noonan@blankrome.com

*Attorneys for Defendant,*
*Honeywell International Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I, Jeffrey N. Rosenthal, hereby certify that, on April 21, 2023, I electronically filed the foregoing Notice of Removal of Defendant Honeywell International Inc. with the Court via the ECF System, it is available for viewing and downloading from the ECF system, and a true and correct copy was served to all counsel of record registered with the ECF system.

**BLANK ROME LLP**

*s/ Jeffrey N. Rosenthal*
Jeffrey N. Rosenthal

*Attorney for Defendant,*
*Honeywell International Inc.*

**EXHIBIT INDEX**

| Exhibit | Description |
|---------|-------------|
| A | State Court File |
| A1 | Complaint |
| A2 | Summons & Proof of Service |
| A3 | Plaintiff's Motion for Class Certification |
| A4 | Defendant Honeywell International, Inc.'s Entry of Appearance |
| A5 | Defendant Ace Hardware Corporation's Entry of Appearance |
| A6 | Defendant Ace hardware Corporation's Motion for Extension of Time. |

# EXHIBIT A

# EXHIBIT A1

**IN THE CIRCUIT COURT OF DUPAGE COUNTY, ILLINOIS**
**EIGHTEENTH JUDICIAL CIRCUIT**

| | |
|---|---|
| JASON SPROWLS, *individually and on behalf of all others similarly situated*, | Case No. 2023LA000236 |
| Plaintiff, | **JURY TRIAL DEMANDED** |
| v. | |
| ACE HARDWARE CORPORATION and HONEYWELL INTERNATIONAL INC., | |
| Defendants. | |

Candice Adams
e-filed in the 18th Judicial Circuit Court
DuPage County
ENVELOPE: 21746939
2023LA000236
FILEDATE: 3/6/2023 8:08 PM
Date Submitted: 3/6/2023 8:08 PM
Date Accepted: 3/8/2023 7:59 AM
SW

## CLASS ACTION COMPLAINT

Plaintiff Jason Sprowls, individually and on behalf of all other persons similarly situated, by his undersigned attorneys, as and for his Class Action Complaint for violations of the Illinois Biometric Information Privacy Act ("BIPA"), 740 ILCS 14/1 *et seq*., against Defendants Ace Hardware Corporation ("Ace") and Honeywell International Inc. ("Honeywell") (collectively, "Defendants"), alleges on personal knowledge as to himself and his own acts and experiences and, as to all other matters, based upon counsel's diligent investigation, publicly available documents and, where indicated, on information and belief as follows:

## NATURE OF THE ACTION

1.  Plaintiff brings this action for damages and other legal and equitable remedies resulting from the illegal actions of Defendants in possessing, collecting, capturing, storing, using, and/or otherwise obtaining his and other similarly situated individuals' biometric identifiers[1] and

---

[1] A "biometric identifier" is any personal feature that is unique to an individual, including fingerprints, voiceprints, iris scans, DNA and "face geometry", among others.

biometric information[2] (referred to collectively at times as "biometrics"), to wit, their voiceprints,[3] without obtaining informed written consent or providing or complying with the requisite data retention and destruction policies, in direct violation of BIPA.

2.    The Illinois Legislature has found that "[b]iometrics are unlike other unique identifiers that are used to access finances or other sensitive information." 740 ILCS 14/15(c). "For example, social security numbers, when compromised, can be changed. Biometrics, however, are biologically unique to the individual; therefore, once compromised, the individual has no recourse, is at heightened risk for identity theft, and is likely to withdraw from biometric-facilitated transactions." *Id.*

3.    In recognition of these concerns over the security of individuals' biometrics the Illinois Legislature enacted BIPA, which provides, *inter alia*, that a private entity like Defendants that collect, capture, purchase, receive, store, use, or otherwise obtains biometric data must first (i) inform individuals in writing that biometrics are being collected, (ii) inform individuals in writing of the specific purpose and length of term for which such biometrics are being collected, stored, and used, and (iii) procure a written release from individuals authorizing the collection of biometrics. 740 ILCS 14/15(b).

4.    Moreover, private entities like Defendants that possess biometrics must publish a publicly available retention schedule and guidelines for permanently destroying biometrics, as well as comply with those guidelines. *See* 740 ILCS 14/15(a).

---

[2] "Biometric information" is any information captured, converted, stored or shared based on a person's biometric identifier used to identify an individual.

[3] One court has described "[v]oiceprinting, also known as voice biometrics," as "the use of biological characteristics—one's voice—to verify an individual's identity." *McGoveran v. Amazon Web Servs., Inc.,* 488 F. Supp. 3d 714, 716 (S.D. Ill. 2020).

5.    In direct violation of each of the foregoing provisions of §§ 15(a) and 15(b) of BIPA, Defendants possessed, collected, captured, stored used, or otherwise obtained—without first providing notice, obtaining informed written consent or publishing data retention policies—the voiceprints and associated personally identifying information of thousands of its employees (and former employees), called "pickers,"[4] who are being required to utilize voice recognition software as they pick and package items customers have purchased.

6.    Plaintiff worked as an hourly employee at an Ace distribution center located in Princeton, Illinois, as an order "picker" from approximately July 2020 through approximately September 2020.

7.    When Plaintiff worked as a picker, Defendants possessed, collected, captured, stored, used, and/or otherwise obtained his biometrics through its requirement that pickers use Honeywell's Vocollect Solutions technology.

8.    BIPA confers on Plaintiff and all other similarly situated Illinois residents a right to know of the risks that are inherently presented by the collection and storage of biometrics, and a right to know how long such risks will persist after using voice recognition software at one of Ace's distribution centers.

9.    Plaintiff brings this action to prevent Defendants from further violating the privacy rights of Illinois residents and to recover statutory damages for Defendant's improper and lackluster collection, storage, usage, and protection of Ace's employees' biometrics in violation of BIPA.

---

[4] "Pickers" are warehouse workers who fill orders for customers by selecting items from storage bins or shelves and then getting them ready for shipment usually by placing them on pallets, and ultimately bringing them to a shipping door for another employee to load the items onto trucks.

## JURISDICTION AND VENUE

10.     This Court has personal jurisdiction over Defendants because Defendant Ace maintains its principal place of business in Illinois and Defendant Honeywell has persistent and systematic contacts with Illinois, including the sale of the Vocollect Technology to Ace, such that Honeywell has purposefully availed itself of the privilege of doing business in Illinois.

11.     Venue is proper in this County pursuant to 735 ILCS 5/2-101 because Defendant Ace resides in this County.

## PARTIES

12.     Plaintiff was, at all relevant times, a resident and citizen of Bureau, Illinois.

13.     Defendant Ace Hardware Corporation is a Delaware corporation with its principal place of business at 2200 Kensington Court, Oak Brook, Illinois 60523.  Ace owns and operates the relevant distribution facility in Princeton, Illinois, as well as other distribution facilities throughout the State of Illinois.

14.     Defendant Honeywell International Inc. is a Delaware corporation with its principal place of business at 855 S. Mint Street, Charlotte, North Carolina 28202.  Honeywell develops, manufactures, and sells the Vocollect Technology at issue in this action to businesses, including to Ace.

## FACTUAL BACKGROUND

I.      **Illinois' Biometric Information Privacy Act**

15.     The use of a biometric voiceprint technology in the workplace by its nature involves serious risks.  Unlike other methods of identification, one's voice is a permanent, unique biometric identifier associated with an individual.  This exposes individuals to serious and irreversible privacy risks.  For example, if a device or database containing individuals' voiceprints is hacked,

breached, or otherwise exposed, individuals have no means by which to prevent identity theft and unauthorized tracking.

16.     Recognizing the need to protect citizens from these risks, Illinois enacted the Biometric Information Privacy Act, 740 ILCS 14/1, *et seq.* ("BIPA") in 2008, to regulate companies that collect and store biometric information, such as voiceprints. *See* Illinois House Transcript, 2008 Reg. Sess. No. 276.

17.     BIPA makes it unlawful for a company to, *inter alia*, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers and/or biometric information, unless it first:

> (1) informs the subject…in writing that a biometric identifier or biometric information is being collected or stored;
>
> (2) informs the subject…in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used; and
>
> (3) receives a written release executed by the subject of the biometric identifier or biometric information or the subject's legally authorized representative."

740 ILCS 14/15 (b).

18.     Section 15(a) of BIPA also provides:

> A private entity in possession of biometric identifiers or biometric information must develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first.

740 ILCS 14/15(a).

19.     As alleged below, Defendants violated these provisions of BIPA required when it possessed, collected, captured, stored, used, or otherwise obtained Ace's employees' biometrics.

**II.     Defendants Violate Illinois' Biometric Information Privacy Act**

    **A.     Overview Of The Vocollect Technology**

    20.     Honeywell develops, manufacturers, and sells voice picking technology under its "Honeywell Voice" brand.

    21.     Under the Honeywell Voice brand, Honeywell sells various headsets and voice recognition devices.    As relevant here, Honeywell sells the Honeywell Voice SRX Series Bluetooth Wireless Headset" (the "Headset") and the Honeywell Voice A700x Series Mobile Device (the "Mobile Device") (collectively, the "Vocollect Technology"):



*Honeywell Voice SRX Bluetooth Wireless Headset (Model SRX2)*



*Honeywell Voice A700x Series Mobile Device (All Models)*

22.     The Headset is obviously worn by a picker on the head/ear, while the Mobile Device can be clipped to a picker's belt.  The Mobile Device works in conjunction with the Headset.

23.     For all relevant purposes, each model of the Headset (*e.g.*, SRX2 or SRX3) works identically to one another, and each model of the Mobile Device (*e.g.*, A720X, A720x, or A730x) works identically to one another.

24.     Honeywell touts the voice recognition capabilities of the Vocollect Technology on its website.  For instance, as to the Headset, Honeywell states that "[w]ith Honeywell Voice SoundSense™ *voice recognition technology*, the SRX2 wireless headset gives you the highest levels of accuracy and performance," and that the Headset's "*Advanced Speech Recognition Protocol* ensures zero loss of speech and audio information, unlike consumer Bluetooth headsets."[5]

---

[5] HONEYWELL VOICE SRX2 BLUETOOTH WIRELESS HEADSET, https://sps.honeywell.com/us/en/ products/productivity/voice-automated-solutions/voice-devices-and-headsets/honeywell-voice-srx2-bluetooth-wireless-headset (emphasis added).

25.     Similarly, for the Mobile Device, Honeywell includes a sales video in which Lori

Pike, Honeywell's Engineering Director for Honeywell Voice, states:

> [W]hat happens with our speech recognition, which is done on the device, we have the worker train templates, and that's just a fancy way of saying we're collecting how they speak. So when they go through a workflow, and they're in a place where they have to confirm … a check digit, which are just numbers signifying 'I'm at the right spot,' we know what they said. Our accuracy just shoots through the roof compared to other products because we have this trained recognizer.[6]



26.     Ms. Pike goes on to note:

> Why speaker dependence is key with a lot of our customers is we train the words of how you speak them. So you may have different accents, dialects, someone could see "one" and in Spanish say "uno," so it really gives you flexibility, but also gives you a higher quality *because its tailored to how the worker uses and speaks.*[7]

---

[6] GET WORKERS STARTED QUICKER WITH VOICE, https://share.vidyard.com/watch/aSFCjCkTY4b LpFKtGaYiBu? (emphasis added).

[7] *Id.* (emphasis added).



27.     Similarly, Honeywell touts the features of the Vocollect Technology in a brochure available to prospective clients of Honeywell.[8]  For instance, HoneyWell describes its Vocollect VoiceCatalyst Voice Software—which is used in both the Headset and the Mobile Device—as follows:

> Vocollect VoiceCatalyst enables unparalleled connectivity to devices, servers, and information and provides the launching point for implementing voice-enabled operations to achieve the highest levels of productivity. *Superior speech recognition with Vocollect BlueStreak personalized recognition* is what makes Honeywell the #1 choice for voice solutions that power eyes-free, hands-free work by mobile workers. Vocollect VoiceCatalyst offers multiple language and enhanced dialect support to personalize the user experience. *And it gets smarter over time, thanks to Vocollect Adaptive Speech Recognition, which improves recognition of your workers the more they use Vocollect VoiceCatalyst.*[9]

---

[8] OPTIMIZE YOUR WORKFLOW PERFORMANCE WITH VOICE, https://www.albatech.rs/wp-content/uploads/2016/12/Honeywell-Vocollect-Solutions-Brochure-US-English-March-2015.pdf

[9] *Id.* at 5 (emphasis added)

28. As to the technology mentioned above, Vocollect Bluestreak "is a speaker-dependent voice recognizer. Each speaker has his or her own templates and must train those templates." In order to create these templates, "[e]ach user is required to undergo enrollment training on templates. The recognizer compares the words spoken with the trained words to determine what was said." Vocollect Bluestreak "is available for all devices that support VoiceCatalyst and VoiceClient," such as the Headset and Mobile Device.[10]

29. Vocollect Bluestreak works in tandem with the other technology mentioned above, Vocollect Adaptive Speech Recognition. Vocollect Adaptive Speech Recognition "means that as the worker uses the system over time, the recognizer uses samples of his or her speech in different environments, at different volumes, and so on to automatically update the worker's templates [created on Vocollect Bluestreak] to account for these changes in speaking patterns. This feature allows recognition to increase the more the worker uses the system."[11]

30. The long and short of these allegations is that the Vocollect Technology is not simply recording a user's voice. Rather, the Vocollect Technology is creating a biometric identifier—a voiceprint—specifically tailored to a user, and a user using the Vocollect Technology is able to be identified through their voiceprint.

31. Indeed, Honeywell makes this transparent by stating that its Vocollect Technology allows employers to "[c]ollect, [a]nalyze, and [p]rocess [w]orker [d]ata" by providing "advanced data collection, automated documentation and analytics capabilities."[12]

---

[10] BLUESTREAK SPEECH RECOGNITION, https://help.honeywellaidc.com/Software/SpeechRecognition/Content/Bluestreak/BluestreakIntro.htm.

[11] HONEYWELL ADAPTIVE SPEECH RECOGNITION FEATURE, https://help.honeywellaidc.com/Software/SpeechRecognition/Content/Bluestreak/SRG_recognition_features.htm.

[12] VOICE PICKING, https://sps.honeywell.com/us/en/software/productivity/order-picking-fulfillment/voice-picking.

- 10 -

**B.**     **Ace Requires Its Workers To Utilize The Vocollect Technology**

32.     Ace operates various distribution centers across the state of Illinois, including in Princeton, Illinois where Plaintiff worked.

33.     At each of these distribution centers, Ace requires its pickers to use the Vocollect Technology, which Ace purchased, procured, or licensed from Honeywell.

34.     Ace shows its employees a training video regarding the Vocollect Technology.[13] First, Ace instructs its employees to "retrieve your [H]eadset," "along with clocking in":



//

//

//

//

//

---

[13] Break Order Fill Training Video, https://www.youtube.com/watch?v=uzT5PTNQvrM.

35.     As is clear from the video, the headset and mobile device Ace employees are asked to retrieve are the Vocollect Technology at issue here:





36.     Employees are then asked to "log into your [H]eadset":



37.     In order to log into their Vocollect Technology, employees repeat a password. As outlined above, the Vocollect Technology is not just matching the password up to what is being said (*i.e.*, whether the password phrase is correct), but *who* is saying the password (*i.e.*, whether the person saying the password matches the employee's customized voice template):

//

//

//

//

//

//

//



38.    Employees then confirm their shift assignments with the Vocollect Technology, which again matches the employee's voice to their voice template:







39.     Employees are then provided assignments through the Vocollect Technology, which are requested and confirmed by, again, matching an employee's voice with their voice template:



40.     In essence, therefore, the Vocollect Technology operates like a biometric timeclock system that clocks employees in and out of work, as well as providing assignments. The only difference is that an employee is identified through their voiceprint, rather than their fingerprint.

41.     Through its use of the Vocollect Technology, Defendants possess, collect, capture, store, use, or otherwise obtain biometrics (*i.e.*, Ace employees' voiceprints). Each and every voice template is stored as computer code on an employer's servers through the use of Honeywell software[14]:

---

[14] OPTIMIZE YOUR WORKFLOW PERFORMANCE WITH VOICE, at 4.



Using Vocollect SoundSense with a
SoundSense Headset

42.    Ace can then manage (and does manage) all of the voice templates it has collected using the VoiceConsole software.  For instance, the VoiceConsole software allows Ace to "see which users are currently using your voice-enabled devices and the tasks they're running. You can also create new user profiles and train users."[15]

---

[15] HONEYWELL VOICECONSOLE, https://sps.honeywell.com/us/en/software/productivity/device-management/voice-console

43. However, because the voiceprints are also uploaded to Honeywell's software, Honeywell also comes to possess, collect, capture, store, use, or otherwise obtain biometrics.

44. Defendants have been possessing, collecting, capturing, storing, using, or otherwise obtaining the voiceprints (biometrics) of Ace's employees since at least July 2020.

45. Problematically, when Defendants possessed, collected, captured, stored, used, or otherwise obtained the voiceprints (biometrics) of its employees, they failed to do so in compliance with BIPA. Specifically, Defendants:

    (a) failed to develop a retention schedule and deletion guidelines for permanently destroying biometrics in violation of BIPA § 15(a);

    (b) failed to delete any biometrics in their possession when the initial purpose for collecting or obtaining the biometrics had been satisfied in violation of BIPA § 15(a);

    (c) failed to inform Ace employees in writing that their biometrics were being collected and stored, prior to such collection and storage, in violation of BIPA § 15(b);

    (d) failed to inform Ace employees in writing of the specific purpose and length of time for which their biometrics are being collected, stored, and used in violation of BIPA § 15(b); and

    (e) failed to receive a written release executed by the Ace employees whose biometrics are being collected, stored, used, and otherwise obtained, prior to such collection, storage, use, and obtention, in violation of BIPA § 15(b).

### III. Experience Of Plaintiff Jason Sprowls

46. Plaintiff worked for Ace as a picker at Ace's Princeton, Illinois distribution center from approximately July 2020 until approximately September 2020.

47. At the beginning of Plaintiff's employment, Ace required Plaintiff to create a voiceprint that could be used in conjunction with the Vocollect Technology. In order to create this voiceprint, Ace required Plaintiff to repeat a range of typical prompts into the Headset. For

example, some standard directions that were recorded were "Ready," "Yes" and "No," "Say Again," "Next," "Short," "Skip," and "Done." After about an hour of engaging with the voice recognition software, a voiceprint or template of Plaintiff's voice was created.

48.     If another picker tried to use Plaintiff's Headset after Plaintiff had logged into the Headset with his voiceprint, the Headset would not respond to that other employee's voice. Indeed, if Plaintiff's voice sounded too different from his voiceprint, the Headset would not respond. For instance, if Plaintiff was chewing tobacco while he worked, his Headset would not respond to his directions until he stopped chewing the tobacco because the Headset could not match Plaintiff's voice to his Voiceprint. In addition, as Plaintiff continued to use the Vocollect Technology, his voiceprint was enhanced and modified in order to become more accurate.

49.     Thus, Plaintiff's voiceprint constitutes a "biometric identifier." 740 ILCS 14/10. Further, because Plaintiff's voiceprint was used to identify him, his voiceprint also constitutes "biometric information." *Id*.

50.     Plaintiff's voiceprint was possessed, collected, captured, stored, or otherwise obtained by Defendants on an electronic database, which Ace could access and manage using the VoiceConsole software, but was also accessible to Honeywell. The voiceprint was tied specifically to Plaintiff.

51.     After creating his voiceprint, Plaintiff was required to use his voiceprint to check in and out of work each day, as well as to receive and conduct assignments. For instance, whenever Plaintiff checked into work in the morning, he would repeat a passcode phrase. When Plaintiff repeated this phrase, not only were the words checked for accuracy, but his voice was matched up to Plaintiff's voiceprint that was stored in Ace's database. After conducting this exercise, Plaintiff could begin work.

52.     At the time Defendants first possessed Plaintiff's biometrics, Defendants had not developed (and still has not developed) a retention schedule and deletion guidelines for permanently destroying biometrics possessed through the Vocollect Technology in violation of BIPA § 15(a).

53.     Further, because Defendants did not create a retention and deletion schedule, they failed to delete Plaintiff's biometrics after the end of Plaintiff's employment (*i.e.*, after the initial purpose for collecting or obtaining Plaintiff's biometrics had been satisfied), also in violation of BIPA § 15(a).

54.     In addition, prior to the collection to his biometrics, Defendants never (i) informed Plaintiff in writing that his biometrics were being collected and stored; (ii) informed Plaintiff in writing of the specific purpose and length of term for which his biometrics were being collected stored, and used, and (iii) never received a written release executed by Plaintiff for the collection of Plaintiff's biometrics.  Such acts violated BIPA § 15(b).

55.     By collecting Plaintiff's unique biometrics without his consent, written or otherwise, Defendants invaded Plaintiff's statutorily protected right to privacy in his biometrics and violated BIPA.

## CLASS ALLEGATIONS

56.     **Class Definition:** Plaintiff brings this action pursuant to 735 ILCS 5/2-801 on behalf of a class of similarly situated individuals, defined as follows (the "Class"):

> All Illinois citizens who worked for Ace in Illinois, used the Vocollect Technology in the state of Illinois, and had their biometrics possessed, collected, captured, stored, used, and/or otherwise obtained by Defendants during the relevant statute of limitations period.

57.     **Numerosity:** Pursuant to 735 ILCS 5/2-801(1), the number of persons within the Class is substantial, believed to amount to thousands of persons.  It is, therefore, impractical to

join each member of the Class as a named Plaintiff.  Further, the size and relatively modest value of the claims of the individual members of the Class renders joinder impractical.  Accordingly, utilization of the class action mechanism is the most economically feasible means of determining and adjudicating the merits of this litigation. Moreover, the Class is ascertainable and identifiable from Defendant's records.

58.     **Commonality and Predominance:** Pursuant to 735 ILCS 5/2-801(2), there are well-defined common questions of fact and law that exist as to all members of the Class and that predominate over any questions affecting only individual members of the Class.  These common legal and factual questions, which do not vary from Class member to Class member, and which may be determined without reference to the individual circumstances of any class member, include, but are not limited to, the following:

    (a)    whether Defendants collected or otherwise obtained Plaintiff's and the Class's biometric identifiers and/or biometric information without prior consent;

    (b)    whether Defendants developed a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of their last interaction, whichever occurs first;

    (c)    whether Defendants destroyed Plaintiff's and the Class's biometric identifiers and/or biometric information once that information was no longer needed for the purpose for which it was originally collected;

    (d)    whether Defendants properly informed Plaintiff and the Class that it collected, used, stored, and/or otherwise obtained their biometric identifiers and/or biometric information; and

    (e)    whether Defendants' violations of BIPA were committed intentionally, recklessly, or negligently.

59.     **Adequate Representation:** Pursuant to 735 ILCS 5/2-801(3), Plaintiff has retained and is represented by qualified and competent counsel who are highly experienced in complex consumer class action litigation. Plaintiff and his counsel are committed to vigorously prosecuting this class action.  Moreover, Plaintiff is able to fairly and adequately represent and protect the interests of such a Class.  Neither Plaintiff nor his counsel has any interest adverse to, or in conflict with, the interests of the absent members of the Class. Plaintiff has raised viable statutory claims or the type reasonably expected to be raised by members of the Class, and will vigorously pursue those claims.  If necessary, Plaintiff may seek leave of this Court to amend this Class Action Complaint to include additional Class representatives to represent the Class, additional claims as may be appropriate, or to amend the Class definition to address any steps that Defendants took.

60.     **Superiority:** Pursuant to 735 ILCS 5/2-801(4), a class action is superior to other available methods for the fair and efficient adjudication of this controversy because individual litigation of the claims of all Class members is impracticable.  Even if every member of the Class could afford to pursue individual litigation, the Court system could not. It would be unduly burdensome to the courts in which individual litigation of numerous cases would proceed. Individualized litigation would also present the potential for varying, inconsistent or contradictory judgments, and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same factual issues. By contrast, the maintenance of this action as a class action, with respect to some or all of the issues presented herein, presents few management difficulties, conserves the resources of the parties and of the court system and protects the rights of each member of the Class.  Plaintiff anticipates no difficulty in the management of this action as a class action. Class-wide relief is essential to compliance with BIPA.

## CAUSES OF ACTION

### COUNT I – FOR DAMAGES AGAINST DEFENDANT
### VIOLATION OF 740 ILCS 14/15(A)

61.     Plaintiff incorporates the foregoing allegations as if fully set forth herein.

62.     Plaintiff brings this claim individually and on behalf of the members of the proposed Class against Defendant.

63.     BIPA mandates that companies in possession of biometrics establish and maintain a satisfactory biometric retention and deletion policy.  Specifically, those companies must: (i) make publicly available a written policy establishing a retention schedule and guidelines for permanent deletion of biometrics; and (ii) delete the biometrics when the initial purpose for collecting or using the biometrics is no longer required.  *See* 740 ILCS 14/15(a).

64.     Any such retention and deletion schedule must be created at the first moment of possession, and not thereafter.  *Mora v. J&M Plating, Inc.*, 2022 IL App (2d) 210692 ¶ 43.

65.     Defendants failed to comply with these BIPA mandates.

66.     Defendants are corporation and do business in Illinois and thus qualify as "private entities" under BIPA.  *See* 740 ILCS 14/10.

67.     Plaintiff is an individual who had his "biometric identifiers" (his voiceprint) possessed by Defendant, as explained in detail in above.  740 ILCS 14/10.

68.     Plaintiff's biometric identifiers were used to identify Plaintiff, and therefore, constitute "biometric information" as defined by BIPA.  740 ILCS 14/10.

69.     Defendants failed to provide a publicly available retention schedule or guidelines for permanently destroying biometric identifiers and biometric information as specified by BIPA. 740 ILCS 14/15(a).

- 23 -

70.     Defendants lacked retention schedules and guidelines for permanently destroying Plaintiff's and the Class's biometrics.

71.     Defendants failed to destroy Plaintiff's and the Class's biometrics after the initial purpose for collecting or using the biometrics had elapsed.

72.     On behalf of himself and the Class, Plaintiff seeks: (1) declaratory relief; (2) injunctive and equitable relief as is necessary to protect the interests of Plaintiff and the Class by requiring Defendants to comply with BIPA § 15(a)'s requirements for the possession of biometric identifiers and biometric information as described herein; (3) statutory damages of $5,000 for each intentional and/or reckless violation of BIPA pursuant to 740 ILCS 14/20(2) or, in the alternative, statutory damages of $1,000 for each negligent violation of BIPA pursuant to 740 ILCS 14/20(1); and (4) reasonable attorneys' fees and costs and other litigation expenses pursuant to 740 ILCS 14/20(3).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of himself and the proposed Class, respectfully requests that this Court enter an Order:

(a)     Certifying this case as a class action on behalf of the Class defined above, appointing Plaintiff as the representative of the Class, and appointing Plaintiff's counsel as Class Counsel to represent the Class;

(b)     Declaring that Defendant's actions, as set out above, violate BIPA, 740 ILCS 14/15(a);

(c)     Awarding statutory damages of $5,000.00 for each and every intentional and/or reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 for each and every violation pursuant to 740 ILCS 14/20(1) if the Court finds that Defendant's violations were negligent;

(d)     Awarding injunctive and other equitable relief as is necessary to protect the interests of the Class, including, *inter alia*, an Order

requiring Defendants to possess biometrics in compliance with BIPA § 15(a);

(e)    Awarding Plaintiff and the Class their reasonable attorneys' fees and costs and other litigation expenses pursuant to 740 ILCS 14/20(3);

(f)    Awarding Plaintiff and the Class pre- and post-judgment interest, to the extent allowable; and

(g)    Awarding such other and further relief as equity and justice may require.

## COUNT II – FOR DAMAGES AGAINST DEFENDANT
## VIOLATION OF 740 ILCS 14/15(B)

73.    Plaintiff incorporates the foregoing allegations as if fully set forth herein.

74.    Plaintiff brings this claim individually and on behalf of the members of the proposed Class against Defendant.

75.    BIPA § 15(b) makes it unlawful for any private entity to "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information unless [the entity] first: (1) informs the subject…in writing that a biometric identifier or biometric information is being collected or stored; (2) informs the subject…in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used; *and* (3) receives a written release executed by the subject of the biometric identifier or biometric information." 740 ILCS 14/15(b) (emphasis added).

76.    Defendants failed to comply with these BIPA mandates.

77.    Defendants are corporations and do business in Illinois and thus qualify as a "private entities" under BIPA. *See* 740 ILCS 14/10.

78.    Plaintiff and the Class are individuals who have had their "biometric identifiers" (voiceprints) collected and/or captured by Defendants, as explained in detail above. *See* 740 ILCS 14/10.

79.     Plaintiff's and the Class's biometric identifiers were used to identify them and, therefore, constitute "biometric information" as defined by BIPA.  *See* 740 ILCS 14/10.

80.     Defendants collected, captured, stored, used, and/or otherwise obtained Plaintiff's and the Class's biometric identifiers and/or biometric information without first obtaining the written release required by 740 ILCS 14/15(b)(3).

81.     Defendants never informed Plaintiff, and never informed any member of the Class, in writing that their biometric identifiers and/or biometric information were being collected, captured, stored, used, and/or otherwise obtained, nor did Defendants inform Plaintiff and the Class in writing of the specific purpose(s) and length of term for which Plaintiff's and the Class's biometric identifiers and/or biometric information were being collected, stored, used, and/or otherwise obtained as required by 740 ILCS 14/15(b)(1)-(2).

82.     By collecting, capturing, storing, using, and/or otherwise obtaining Plaintiff's and the Class's biometric identifiers and biometric information as described herein, Defendants violated Plaintiff's and the Class's rights to privacy in their biometric identifiers and/or biometric information as set forth in BIPA § 15(b).

83.     On behalf of himself and the Class, Plaintiff seeks: (1) declaratory relief; (2) injunctive and equitable relief as is necessary to protect the interests of Plaintiff and the Class by requiring Defendants to comply with BIPA § 15(b)'s requirements for the collection, capture, storage, use, and/or obtainment of biometric identifiers and biometric information as described herein; (3) statutory damages of $5,000 for each intentional and/or reckless violation of BIPA pursuant to 740 ILCS 14/20(2) or, in the alternative, statutory damages of $1,000 for each negligent violation of BIPA pursuant to 740 ILCS 14/20(1); and (4) reasonable attorneys' fees and costs and other litigation expenses pursuant to 740 ILCS 14/20(3).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of himself and the proposed Class, respectfully requests that this Court enter an Order:

(a) Certifying this case as a class action on behalf of the Class defined above, appointing Plaintiff as the representative of the Class, and appointing Plaintiff's counsel as Class Counsel;

(b) Declaring that Defendant's actions, as set out above, violate BIPA, 740 ILCS 14/15(b);

(c) Awarding statutory damages of $5,000.00 for each and every intentional and/or reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 for each and every violation pursuant to 740 ILCS 14/20(1) if the Court finds that Defendant's violations were negligent;

(d) Awarding injunctive and other equitable relief as is necessary to protect the interests of the Class, including, *inter alia*, an Order requiring Defendants to collect, store, and use biometric identifiers and/or biometric information in compliance with BIPA;

(e) Awarding Plaintiff and their Class their reasonable attorneys' fees and costs and other litigation expenses pursuant to 740 ILCS 14/20(3);

(f) Awarding Plaintiff and the Class pre- and post-judgment interest, to the extent allowable; and

(g) Awarding such other and further relief as equity and justice may require.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated: March 6, 2023                              Respectfully submitted,

**WOLF HALDENSTEIN ADLER
FREEMAN & HERZ LLC**

By: */s/ Carl V. Malmstrom*
Carl V. Malmstrom
Attorney No. 285105
111 W. Jackson Blvd., Suite 1700

Chicago, IL 60604
Telephone: (312) 984-0000
Facsimile: (212) 686-0114
E-mail: malmstrom@whafh.com

**BURSOR & FISHER, P.A.**
Joseph I. Marchese*
Max S. Roberts*
888 Seventh Avenue
New York, NY 10019
Telephone: (646) 837-7150
Facsimile: (212) 989-9163
E-mail: jmarchese@bursor.com
       mroberts@bursor.com

**BURSOR & FISHER, P.A.**
Neal J. Deckant*
1990 N. California Boulevard, Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile:  (925) 407-2700
E-mail: ndeckant@bursor.com

*Pro Hac Vice Application Forthcoming*

*Attorneys for Plaintiff and the Putative Class*

# EXHIBIT A2



# Notice of Service of Process

**null / ALL**
**Transmittal Number: 26609302**
**Date Processed: 03/23/2023**

| | |
|---|---|
| **Primary Contact:** | Julie Milligan<br>Honeywell International<br>855 S Mint St<br>Charlotte, NC 28202-1517 |

| | |
|---|---|
| **Entity:** | Honeywell International Inc.<br>Entity ID Number 2034040 |
| **Entity Served:** | Honeywell International, Inc. |
| **Title of Action:** | Jason Sprowls vs. Ace Hardware Corporation |
| **Matter Name/ID:** | Jason Sprowls vs. Ace Hardware Corporation (13823383) |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Class Action |
| **Court/Agency:** | DuPage County Circuit Court, IL |
| **Case/Reference No:** | 2023LA236 |
| **Jurisdiction Served:** | Illinois |
| **Date Served on CSC:** | 03/22/2023 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| **Sender Information:** | Wolf Haldenstein Adler Freeman & Herz LLC<br>312-984-0000 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

This form is approved by the Illinois Supreme Court and is required to be accepted in all Illinois Circuit Courts.

| STATE OF ILLINOIS CIRCUIT COURT | SUMMONS | For Court Use Only |
|---|---|---|
| DuPage COUNTY | | |

| Instructions ▼ | |
|---|---|
| Enter above the county name where the case was filed. | Jason Sprowls<br>**Plaintiff / Petitioner** *(First, middle, last name)* |
| Enter your name as Plaintiff/Petitioner. | v. |
| Enter the names of all people you are suing as Defendants/ Respondents. | Ace Hardware Corporation and Honeywell International, In<br>**Defendant / Respondent** *(First, middle, last name)* |
| Enter the Case Number given by the Circuit Clerk. | ☐ **Alias Summons** *(Check this box if this is not the 1st Summons issued for this Defendant.)* |

Case Number: 2023LA236

**IMPORTANT INFORMATION:**

There may be court fees to start or respond to a case. If you are unable to pay your court fees, you can apply for a fee waiver. You can find the fee waiver application at: illinoiscourts.gov/documents-and-forms/approved-forms/.

E-filing is now mandatory with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider. If you need additional help or have trouble e-filing, visit illinoiscourts.gov/faq/gethelp.asp or talk with your local circuit clerk's office. If you cannot e-file, you may be able to get an exemption that allows you to file in-person or by mail. Ask your circuit clerk for more information or visit illinoislegalaid.org.

Call or text Illinois Court Help at 833-411-1121 for information about how to go to court including how to fill out and file forms. You can also get free legal information and legal referrals at illinoislegalaid.org.

**Plaintiff/Petitioner:**

Do not use this form in an eviction, small claims, detinue, divorce, or replevin case. Use the *Eviction Summons, Small Claims Summons, or Summons Petition for Dissolution of Marriage / Civil Union* available at illinoiscourts.gov/documents-and-forms/approved-forms. If your case is a detinue or replevin, visit illinoislegalaid.org for help.

If you are suing more than 1 Defendant/Respondent, fill out a *Summons* form for each Defendant/Respondent.

| In **1a**, enter the name and address of a Defendant/ Respondent. If you are serving a Registered Agent, include the Registered Agent's name and address here. | **1.** | **Defendant/Respondent's address and service information:** |
|---|---|---|

1.

a. Defendant/Respondent's primary address/information for service:
Name *(First, Middle, Last)*:  Honeywell International, Inc.
Registered Agent's name, if any:  Illinois Corporation Service Company
Street Address, Unit #:  801 Adlai Stevenson Dr.
City, State, ZIP:  Springfield, IL 62703
Telephone: _____ Email: _____

| In **1b**, enter a second address for Defendant/ Respondent, if you have one. |

b. If you have more than one address where Defendant/Respondent might be found, list that here:
Name *(First, Middle, Last)*: _____
Street Address, Unit #: _____
City, State, ZIP: _____
Telephone: _____ Email: _____

| In **1c**, check how you are sending your documents to Defendant/ Respondent. |

c. Method of service on Defendant/Respondent:
☑ Sheriff      ☐ Sheriff outside Illinois: _____
*County & State*
☐ Special process server      ☐ Licensed private detective

SU-S 1503.2                    Page 1 of 4                    (06/21)

Enter the Case Number given by the Circuit Clerk: _____

| | |
|---|---|
| In 2, enter the amount of money owed to you. | **2. Information about the lawsuit:**<br>Amount claimed: $ _____ |
| In 3, enter your complete address, telephone number, and email address, if you have one. | **3. Contact information for the Plaintiff/Petitioner:**     **Attorney #285105 CLK**<br>Name *(First, Middle, Last)*:   Carl V. Malmstrom<br>Street Address, Unit #:   111 W. Jackson Blvd., Suite 1700<br>City, State, ZIP:   Chicago, IL 60604<br>Telephone: _____   Email:   malmstrom@whafh.com |

**GETTING COURT DOCUMENTS BY EMAIL:** You should use an email account that you do not share with anyone else and that you check every day. If you do not check your email every day, you may miss important information, notice of court dates, or documents from other parties.

| | |
|---|---|
| **Important information for the person getting this form** | You have been sued. Read all of the documents attached to this *Summons*.<br>To participate in the case, you must follow the instructions listed below. If you do not, the court may decide the case without hearing from you and you could lose the case. *Appearance* and *Answer/Response* forms can be found at: illinoiscourts.gov/documents-and-forms/approved-forms/. |

| | |
|---|---|
| Check **4a** or **4b**. If Defendant/Respondent only needs to file an *Appearance* and *Answer/Response* within 30 days, check box **4a**. Otherwise, if the clerk gives you a court date, check box **4b**. | **4. Instructions for person receiving this *Summons* (Defendant):**<br><br>[✔] a. To respond to this *Summons*, you must file *Appearance* and *Answer/Response* forms with the court within 30 days after you have been served (*not counting the day of service*) by e-filing or at:<br>Address:   505 N. County Farm Rd.<br>City, State, ZIP:   Wheaton, IL 60187 |
| In **4a**, fill out the address of the court building where the Defendant may file or e-file their *Appearance* and *Answer/ Response.* | [ ] b. Attend court:<br>On: _____ at _____ [ ] a.m. [ ] p.m. in _____<br>    *Date*          *Time*                   *Courtroom*<br>**In-person at:** |
| In **4b**, fill out:<br>• The court date and time the clerk gave you.<br>• The courtroom and address of the court building.<br>• The call-in or video information for remote appearances (if applicable).<br>• The clerk's phone number and website. All of this information is available from the Circuit Clerk. | _____<br>*Courthouse Address*     *City*            *State*    *ZIP*<br>OR<br>**Remotely** (You may be able to attend this court date by phone or video conference. This is called a "Remote Appearance"):<br>By telephone: _____<br>            *Call-in number for telephone remote appearance*<br>By video conference: _____<br>                 *Video conference website*<br>_____<br>*Video conference log-in information (meeting ID, password, etc.)*<br><br>Call the Circuit Clerk at: _____ or visit their website<br>            *Circuit Clerk's phone number*<br>at: _____ to find out more about how to do this.<br>    *Website* |

| | |
|---|---|
| **STOP!**<br>The Circuit Clerk will fill in this section. | 3/8/2023 10:44 AM<br>**Witness this Date** _____          *Seal of Court*<br>**Clerk of the Court** _____ |
| **STOP!**<br>The officer or process server will fill in the Date of Service. | **This *Summons* must be served within 30 days of the witness date.**<br><br>Date of Service: _____<br>         (*Date to be entered by an officer or process server on the copy of this Summons left with the Defendant or other person.*) |

**This form is approved by the Illinois Supreme Court and is required to be accepted in all Illinois Circuit Courts.**

| | | For Court Use Only |
|---|---|---|
| **STATE OF ILLINOIS,<br>CIRCUIT COURT**<br><br>DuPage _____ **COUNTY** | **PROOF OF SERVICE OF<br>SUMMONS AND<br>COMPLAINT/PETITION** | |

| **Instructions** | |
|---|---|
| Enter above the county name where the case was filed. | Jason Sprowls<br>_____<br>**Plaintiff / Petitioner** *(First, middle, last name)* |
| Enter your name as Plaintiff/Petitioner. | |
| Enter the names of all people you are suing as Defendants/ Respondents. | v.<br><br>Ace Hardware Corporation and Honeywell International, In<br>_____<br>**Defendant / Respondent** *(First, middle, last name)* |
| Enter the Case Number given by the Circuit Clerk. | ☐ **Alias Summons** *(Check this box if this is not the 1st Summons issued for this Defendant.)* |

| 2023LA236 |
|---|
| **Case Number** |

**\*\*Stop. Do not complete the form. The sheriff or special process server will fill in the form.\*\***

My name is _____ and I state
　　　　　　　*First, Middle, Last*

☐ I served the *Summons* and Complaint/Petition on the Defendant/Respondent

_____ as follows:
*First, Middle, Last*

　☐ Personally on the Defendant/Respondent:
　　Male ☐　Female ☐　Non-Binary ☐　Approx. Age: _____ Race: _____
　　On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
　　Address, Unit#: _____
　　City, State, ZIP: _____

　☐ On someone else at the Defendant/Respondent's home who is at least 13 years old and is a family
　　member or lives there:
　　On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
　　Address, Unit#: _____
　　City, State, ZIP: _____
　　And left it with: _____
　　　　　　　　　*First, Middle, Last*
　　Male ☐　Female ☐　Non-Binary ☐　Approx. Age: _____ Race: _____
　　and by sending a copy to this defendant in a postage-paid, sealed envelope to the
　　above address on _____ , 20 _____ .
　☐ On the Corporation's agent, _____
　　　　　　　　　　　　　　*First, Middle, Last*
　　Male ☐　Female ☐　Non-Binary ☐　Approx. Age: _____ Race: _____
　　On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
　　Address: _____
　　City, State, ZIP: _____

| SU-S 1503.2 | Page 3 of 4 | (06/21) |
|---|---|---|

Enter the Case Number given by the Circuit Clerk: _____

☐ I was not able to serve the *Summons* and Complaint/Petition on Defendant/Respondent:

_____
*First, Middle, Last*

I made the following attempts to serve the *Summons* and Complaint/Petition on the Defendant/Respondent:

1.    On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
     Address: _____
     City, State, ZIP: _____
     Other information about service attempt: _____
     _____
     _____
     _____

2.    On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
     Address: _____
     City, State, ZIP: _____
     Other information about service attempt: _____
     _____
     _____
     _____

3.    On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
     Address: _____
     City, State, ZIP: _____
     Other information about service attempt: _____
     _____
     _____
     _____

| **DO NOT** complete this section. The sheriff or private process server will complete it. | **If you are a special process server, sheriff outside Illinois, or licensed private detective, your signature certifies that everything on the *Proof of Service of Summons* is true and correct to the best of your knowledge. You understand that making a false statement on this form could be perjury.** |
|---|---|

**By:**

Under the Code of Civil Procedure, 735 ILCS 5/1-109, making a statement on this form that you know to be false is perjury, a Class 3 Felony.

_____
*Signature by:*  ☐ Sheriff
          ☐ Sheriff outside Illinois:

_____
*County and State*
          ☐ Special process server
          ☐ Licensed private detective

**FEES**

Service and Return:  $_____
Miles _____  $_____
Total           $0_____

_____
*Print Name*

If *Summons* is served by licensed private detective or private detective agency:
License Number: _____

# EXHIBIT A3

## IN THE CIRCUIT COURT OF DUPAGE COUNTY, ILLINOIS
### EIGHTEENTH JUDICIAL CIRCUIT

JASON SPROWLS, *individually and on behalf of all others similarly situated*,

               Plaintiff,

    v.

ACE HARDWARE CORPORATION and HONEYWELL INTERNATIONAL INC.,

          Defendants.

Case No. 2023LA236

Judge: Hon. Timothy McJoynt

Candice Adams
e-filed in the 18th Judicial Circuit Court
DuPage County
ENVELOPE: 21772830
2023LA000236
FILEDATE: 3/8/2023 10:44 AM
Date Submitted: 3/8/2023 10:44 AM
Date Accepted: 3/9/2023 9:04 AM
CK

### PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

Plaintiff Jason Sprowls ("Plaintiff"), by and through undersigned counsel and pursuant to 735 ILCS 5/2-801, moves for entry of an order certifying the Class proposed below, appointing Plaintiff as the Class Representative, and appointing Plaintiff's attorneys as Class Counsel. Alternatively, Plaintiff requests, to the extent the Court determines further evidence is necessary to prove any element of 735 ILCS 5/2-801, that the Court defer consideration of this Motion pending a reasonable period to complete discovery. *See, e.g., Ballard RN Center, Inc. v. Kohll's Pharmacy & Homecare, Inc.*, 2015 IL 118644, at ¶¶ 42–43 (citing *Damasco v. Clearwire Corp.*, 662 F.3d 891, 896–97 (7th Cir. 2011). In support of this Motion, Plaintiff submits the following Memorandum of Law.

Dated: March 8, 2023

Respectfully submitted,

**WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLC**

By: */s/ Carl V. Malmstrom*
Carl V. Malmstrom
Attorney No. 285105
111 W. Jackson Blvd., Suite 1700
Chicago, IL 60604
Telephone: (312) 984-0000
Facsimile: (212) 686-0114

E-mail: malmstrom@whafh.com

**BURSOR & FISHER, P.A.**
Joseph I. Marchese*
Max S. Roberts*
888 Seventh Avenue
New York, NY 10019
Telephone: (646) 837-7150
Facsimile: (212) 989-9163
E-mail: jmarchese@bursor.com
          mroberts@bursor.com

**BURSOR & FISHER, P.A.**
Neal J. Deckant*
1990 N. California Boulevard, Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile:  (925) 407-2700
E-mail: ndeckant@bursor.com

*Pro Hac Vice Application Forthcoming*

*Attorneys for Plaintiff and the Putative Class*

## MEMORANDUM OF LAW IN SUPPORT OF
## PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

This Court should certify a class of all Illinois citizens who worked for Ace in Illinois, used the Vocollect Technology (defined at Compl. ¶ 21) in the state of Illinois, and had their biometrics possessed, collected, captured, stored, used, and/or otherwise obtained by Defendants Ace Hardware Corporation ("Ace") and Honeywell International Inc. ("Honeywell") (collectively, "Defendants") during the relevant statute of limitations period. Defendant Ace is a company headquartered in Illinois that owns and operates various distribution centers throughout Illinois. Compl. ¶¶ 13, 32. At each of these distribution centers, Ace requires its "picker" employees to use the Vocollect Technology, which was developed, manufactured, and sold by Defendant Honeywell. *Id.* ¶¶ 5, 7 n.4, 20-21, 33-39. In order to use the Vocollect Technology, Ace employees are required to create a template of their voice—a voiceprint—which is used to identify the specific employee, is specifically tailored to the employee's voice, and is used to identify the employee (*e.g.*, allowing the employees to log in and out of their headset). *Id.* ¶¶ 24-39. Problematically though, Defendants violated Illinois law through their process because they (1) never adequately informed any of its passengers who scanned their faces at the flight gate that Defendant was collecting, storing, using, or otherwise obtaining their facial geometry and biometric information; (2) never adequately informed any of its passengers of the specific purpose and length of term for which such biometric identifiers and biometric information are collected, stored, and used; (3) never obtained written consent from any of its passengers regarding its biometric practices; (4) never provided any data retention or destruction policies to any of its passengers; and (5) did not delete biometrics when the initial purpose for collecting the biometrics had elapsed. *Id.* ¶ 45. Defendants' conduct thus violated §§ 15(a) and 15(b) the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq.* ("BIPA").

After Plaintiff learned of Defendant's wrongful conduct, he commenced suit on behalf of a Class of similarly situated individuals in order to bring an end to the Defendant's capture, collection, storage, use, obtainment, and possession of biometric identifiers and/or biometric information in violation of BIPA and to obtain redress for all persons injured by its conduct.

## I. THE ILLINOIS BIOMETRIC INFORMATION PRIVACY ACT

BIPA is designed to protect individuals' personal biometric information. Under BIPA, biometric identifiers include fingerprints, handprints and voiceprints/vocal identifiers; while biometric information can be defined as any information based on a biometric identifier, regardless of how it is converted or stored. Compl. ¶¶ 1 n.1, 1 n.2.

The Illinois Legislature has found that "[b]iometrics are unlike other unique identifiers that are used to access finances or other sensitive information." Compl. ¶ 2 (citing 740 ILCS 14/5(c)). "For example, social security numbers, when compromised, can be changed. Biometrics, however, are biologically unique to the individual; therefore, once compromised, the individual has no recourse, is at heightened risk for identity theft, and is likely to withdraw from biometric-facilitated transactions." *Id.*

Recognizing the importance of the security of individuals' biometrics, the Illinois Legislature enacted BIPA, which provides, *inter alia*, that private entities, such as Defendants, may not obtain and/or possess an individual's biometrics unless they: (1) inform that person in writing that biometric identifiers or information will be captured, collected, stored, used, or otherwise obtained; (2) inform that person in writing of the specific purpose and the length of term for which such biometric identifiers or biometric information are being captured, collected, stored, used, or otherwise obtained; (3) receive a written release from the person for the collection of biometric identifiers and/or biometric information; (4) publicly publish and make available a

written retention schedule and guidelines for permanently destroying biometric identifiers and biometric information; and (5) must destroy any biometric identifiers and biometric information when the initial purpose for collecting the biometric identifiers and biometric information has elapsed. *See* 740 ILCS 14/15(a)-(b); Compl. ¶¶ 3-4.

## II.    FACTUAL BACKGROUND

### A.    The Underlying Misconduct

Defendants have possessed, captured, collected, stored, used, and/or otherwise obtained the biometrics of thousands of individuals within the state of Illinois. Compl. ¶¶ 32, 36. During the relevant time period in the State of Illinois, Defendants ossessed, captured, collected, stored, used, and/or otherwise obtained the voiceprints geometry of employees at Ace's distribution centers, including Plaintiff, in order to verify the employee's identity. *Id.* ¶¶ 20-55.

Each voiceprint is biologically unique to the particular individual. *Id.* ¶¶ 1-2, 15, 47-49. Each instance when Plaintiff and the other Class Members used their voiceprints to check in and out of work or confirm their assignments,, Defendants captured, collected, stored, used, obtained, and/or possessed Plaintiff's and the other Class Members' voiceprints (*i.e.*, biometric identifiers) and biometric information without complying with and, thus, in violation of BIPA. *Id.* ¶¶ 17-19, 45, 52-55. Specifically, Defendants (1) failed to inform Plaintiff and the other members of the Class in writing that their voiceprint biometrics were being collected and stored, prior to such collection or storage, as required by 740 ILCS 14/15(b)(1); (2) failed to inform Plaintiff and the other Class Members in writing of the specific purpose for which their voiceprint biometrics were being captured, collected, stored, and used, as required by 740 ILCS 14/15(b)(2); (3) failed to inform Plaintiff and the other Class Members in writing the specific length of term their voiceprint biometrics were being captured, collected, stored, and used, as required by 740 ILCS 14/15(b)(2).

- 3 -

(4) failed to obtain a written release, as required by 740 ILCS 14/15(b)(3); (5) failed to provide a publicly available retention schedule detailing the length of time for which the biometrics are stored and/or guidelines for permanently destroying the biometrics they store, as required by 740 ILCS 14/15(a); and (6) failed to delete biometrics once the initial purpose for collecting or storing the biometrics had elapsed, as required by 740 ILCS 14/15(a).

### B.    The Proposed Class

Plaintiff brings this action on behalf of themself and similarly situated individuals pursuant to 735 ILCS § 5/2-801.  Plaintiff seeks to represent a Class defined as follows:

> All Illinois citizens who worked for Ace in Illinois, used the Vocollect Technology in the state of Illinois, and had their biometrics possessed, collected, captured, stored, used, and/or otherwise obtained by Defendants during the relevant statute of limitations period.

Compl. ¶ 56.

As explained below, the proposed Class satisfies the four requirements for certification under Section 2-801 of the Illinois Code of Civil Procedure: numerosity, commonality, adequacy of representation, and fair and efficient adjudication.  A class action is not only appropriate here, it is also the only way that the members of the putative Class can obtain appropriate redress for Defendant' unlawful conduct.

### III.    ARGUMENT

### A.    Legal Standard for Class Certification

To obtain class certification, a plaintiff does not need to establish that they will prevail on the merits of the action.  *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 178 (1974) ("[T]he question is not whether the plaintiff or plaintiffs have stated a cause of action or will prevail on the merits, but rather whether the requirements of Rule 23 are met." (internal quotation marks and citation omitted)).  In determining whether to certify a proposed class, the Court should accept the

- 4 -

allegations of the complaint as true. *Ramirez v. Midway Moving & Storage, Inc.*, 378 Ill. App. 3d 51, 53 (1st Dist. 2007).

To proceed with a class action, the movant must satisfy the "prerequisites for the maintenance of a class action" set forth in Section 2-801 of the Illinois Code of Civil Procedure, which provides:

> An action may be maintained as a class action in any court of this State and a party may sue or be sued as a representative party of the class only if the court finds:
>
> 1.  The class is so numerous that joinder of all members is impracticable.
>
> 2.  There are questions of fact or law common to the class, which common questions predominate over any questions affecting only individual members.
>
> 3.  The representative parties will fairly and adequately protect the interest of the class.
>
> 4.  The class action is an appropriate method for the fair and efficient adjudication of the controversy.

735 ILCS 5/2-801. Section 2-801 is modeled after Rule 23 of the Federal Rules of Civil Procedure and "federal decisions interpreting Rule 23 are persuasive authority with regard to questions of class certification in Illinois." *Avery v. State Farm Mut. Auto. Ins. Co.*, 216 Ill. 2d 100, 125 (Ill. 2005). Circuit courts have broad discretion in determining whether a proposed class meets the requirement for class certification and ought to err in favor of maintaining class certification. *Ramirez*, 378 Ill. App. 3d at 53. While a court may rule on class certification without requiring further discovery, *see* MANUAL FOR COMPLEX LITIGATION (FOURTH) § 21.14, at 255 (2004), courts have found that discovery is helpful prior to addressing a motion for class certification. *See*, *e.g.*, *Ballard RN Center, Inc. v. Kohll's Pharmacy & Homecare, Inc.*, 2015 IL 118644, at ¶ 42 ("If the parties have yet to fully develop the facts needed for certification, then they can also ask the district

court to delay its ruling to provide time for additional discovery or investigation.") (quoting *Damasco v. Clearwire Corp.*, 662 F.3d 891, 896 (7th Cir. 2011)).

All the prerequisites for class certification are satisfied here, though Plaintiff has not yet had an opportunity to engage in and complete discovery. However, in the interests of establishing a more fully developed record before ruling on class certification issues, the Court should defer ruling on this Motion pending the completion of discovery and submission of supplemental briefing.

**B.     The Numerosity Requirement is Satisfied**

The first step in certifying a class is a showing that "the class is so numerous that joinder of all members is impracticable." 735 ILCS 5/2-801(1). This requirement is met when "join[ing] such a large number of plaintiffs in a single suit would render the suit unmanageable and, in contrast, multiple separate claims would be an imposition on the litigants and the courts." *Gordon v. Boden*, 224 Ill. App. 3d 195, 200 (1st Dist. 1991) (citing *Steinberg v. Chicago Med. Sch.*, 69 Ill.2d 320, 337 (Ill. 1977)). To satisfy this requirement a plaintiff need not demonstrate the exact number of class members but, must offer a good faith estimate as to the size of the class. *Smith v. Nike Retail Servs., Inc.*, 234 F.R.D. 648, 659 (N.D. Ill. 2006).

Plaintiff alleges that there are thousands of members in the Class. Compl. ¶¶ 32, 57. Because definitive evidence of numerosity can only come from the records of Defendant and their agents, it is proper to rely upon the allegations of the Complaint in certifying the Class. *See* 2 A. CONTE & H. NEWBERG, NEWBERG ON CLASS ACTIONS § 7.20, at 66 (stating that where numerosity information is in the sole possession of the party opposing the class, courts generally rely on the complaint as prima facie evidence or defer ruling). Additionally, the members of the putative Class can be easily and objectively determined from Defendant's records.

Furthermore, it would be completely impracticable to join the claims of the members of the Class, because they are disbursed throughout Illinois, and because absent a class action, few members could afford to bring an individual lawsuit over the amounts at issue in this case, since each individual member's claim is relatively small. *See Gordon*, 224 Ill. App. 3d at 200. Accordingly, the first prerequisite for class certification is met.

### C. Common Questions of Law and Fact Predominate

The second requirement of Section 2-801(2) is met where there are "questions of fact or law common to the class" and those questions "predominate over any questions affecting only individual members." 735 ILCS 5/2-801(2). Such common questions of law or fact exist when the members of the proposed class have been aggrieved by the same or similar misconduct. *See Miner v. Gillette Co.,* 87 Ill.2d 7, 19 (Ill. 1981); *Steinberg*, 69 Ill.2d at 342. These common questions must also predominate over any issues affecting individual class members. *See O-Kay Shoes, Inc. v. Rosewell*, 129 Ill. App. 3d 405, 408 (1st Dist. 1984).

Here, the claims of the Class members arise out of the same activity by Defendant, are based on the same legal theory, and implicate, among others, the following common issues:

(a) the Class's biometric identifiers and/or biometric information without prior consent;

(b) whether Defendants developed a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of their last interaction, whichever occurs first;

(c) whether Defendants destroyed Plaintiff's and the Class's biometric identifiers and/or biometric information once that information was no longer needed for the purpose for which it was originally collected;

(d)   whether Defendants properly informed Plaintiff and the Class that it collected, used, stored, and/or otherwise obtained their biometric identifiers and/or biometric information; and

(e)   whether Defendants' violations of BIPA were committed intentionally, recklessly, or negligently.

Compl. ¶ 58.

As alleged, and as will be shown through obtainable evidence, Defendant engaged in a common course of conduct by collecting, capturing, storing, using, and/or otherwise obtaining the biometrics of Plaintiff and members of the Class without providing proper notice, without retaining a written release, and without providing a retention schedule to them or to the public. Any potential individualized issues remaining after common issues are decided would be *de minimis*. Accordingly, common issues of fact and law predominate over any individual issues, and Plaintiff has satisfied this hurdle to certification.

**D.   The Adequate Representation Requirement is Satisfied.**

The third prong of Section 2-801 requires that "[t]he representative parties will fairly and adequately protect the interest of the class." 735 ILCS 5/2-801(3). The class representative's interests must be generally aligned with those of the class members, and class counsel must be "qualified, experienced and generally able to conduct the proposed litigation." *See Miner*, 87 Ill.2d at 14; *see also Eshaghi v. Hanley Dawson Cadillac Co., Inc.*, 214 Ill. App. 3d 995, 1000 (1st Dist. 1991). The purpose of this adequacy of representation requirement is "to insure that all Class members will receive proper, efficient, and appropriate protection of their interests in the presentation of the claim." *Purcell & Wardrope Chtd. v. Hertz Corp.*, 175 Ill. App. 3d 1069, 1078 (1st Dist. 1988).

In this case, Plaintiff has the exact same interests as the members of the proposed Class. Like the other members of the Class, Plaintiff was subjected to Defendant's face scanning

technology and Defendant captured, collected, stored, otherwise obtained, and possessed his biometrics without complying with BIPA's requirements. Compl. ¶¶ 45-55. Plaintiff's pursuit of this matter against Defendant demonstrates that they will be zealous advocates for the Class. *Id.* ¶ 59.

Plaintiff has retained and is represented by qualified and competent counsel who are highly experienced in complex consumer class action litigation. *Id.* Plaintiff and his counsel are committed to vigorously prosecuting this class action. *Id.* Moreover, Plaintiff is able to fairly and adequately represent and protect the interests of such the Class. *Id.* Neither Plaintiff nor his counsel have any interest adverse to, or in conflict with, the interests of the absent members of the Class. *Id.* Plaintiff has raised viable statutory claims or the type reasonably expected to be raised by members of the Class, and will vigorously pursue those claims. *Id.* Accordingly, the proposed class representative and proposed class counsel will adequately protect the interests of the members of the Class, thus satisfying Section 2-801(3).

### E. Class Certification Will Ensure Fair and Efficient Adjudication of the Controversy

The final requirement for class certification under 5/2-801 is met where "the class action is an appropriate method for the fair and efficient adjudication of the controversy." 735 ILCS 5/2-801(4). "In applying this prerequisite, a court considers whether a class action: (1) can best secure the economies of time, effort and expense, and promote uniformity; or (2) accomplish the other ends of equity and justice that class actions seek to obtain." *Gordon*, 224 Ill. App. 3d at 203. In practice, a "holding that the first three prerequisites of section 2-801 are established makes it evident that the fourth requirement is fulfilled." *Gordon*, 224 Ill. App. 3d at 204; *Purcell & Wardrope Chtd.*, 175 Ill. App. 3d at 1079 ("The predominance of common issues [may] make a class action … a fair and efficient method to resolve the dispute."). Because numerosity,

commonality and predominance, and adequacy of representation have been satisfied in the instant case, it is "evident" that the appropriateness requirement is met as well.

Other considerations further support certification in this case. A "controlling factor in many cases is that the class action is the only practical means for class members to receive redress." *Gordon*, 586 N.E.2d at 467; *Eshaghi*, 574 N.E.2d at 766 ("In a large and impersonal society, class actions are often the last barricade of … protection."). A class action is superior to multiple individual actions "where the costs of litigation are high, the likely recovery is limited" and individuals are unlikely to prosecute individual claims absent the cost-sharing efficiencies of a class action. *Maxwell*, 2004 WL 719278, at \*6. This is especially true in cases involving data privacy violations and data breaches, which can involve significant injury to the those effected, but result in many small, individual claims. Here, absent a class action, most members of the Class would find the cost of litigating their statutorily-limited claims to be prohibitive, and multiple individual actions would be judicially inefficient.

A class action is superior to other methods for the fair and efficient adjudication of this controversy because individual litigation of the claims of all Class members is inefficient and impracticable. Compl. ¶ 60. Even if every member of the Class could afford to pursue individual litigation, the Court system could not. *Id.* It would be unduly burdensome to the courts in which individual litigation of numerous cases would proceed. Individualized litigation would also present the potential for varying, inconsistent or contradictory judgments, and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same factual issues. *Id.* By contrast, the maintenance of this action as a class action, with respect to some or all of the issues presented herein, presents few management difficulties, conserves the resources of the parties and of the court system and protects the rights of each member of the Class. *Id.*

Plaintiff anticipates no difficulty in the management of this action as a class action. Class-wide relief is essential to compliance with BIPA. *Id.* Thus, proceeding as a class action here is an appropriate method to fairly and efficiently adjudicate the controversy.

Certification of the proposed Class is necessary to ensure that Defendant' conduct becomes compliant with BIPA, to ensure that the Class members' privacy rights in their biometrics are sufficiently protected, and to compensate those individuals who have had their statutorily-protected privacy rights violated and who have not been informed as to the status of their own biometric information. Were this case not to proceed on a class-wide basis, it is unlikely that any significant number of Class members would be able to obtain redress, or that Defendant would willingly implement the procedures necessary to comply with the statute. Thus, proceeding as a class action here is an appropriate method to fairly and efficiently adjudicate the controversy.

## IV. <u>CONCLUSION</u>

For the foregoing reasons, the requirements of 735 ILCS 5/2-801 have been satisfied. Plaintiff respectfully requests that the Court enter an Order certifying the proposed Class, appointing Plaintiff as the Class Representative as outlined herein, appointing Wolf Haldenstein Adler Freeman & Herz LLC and Bursor & Fisher, P.A. as Class Counsel, and awarding such additional relief as the Court deems reasonable. In the alternative, Plaintiff respectfully requests that this Court defer ruling on this Motion pending the completion of appropriate discovery and supplemental briefing.

Dated: March 8, 2023

Respectfully submitted,

**WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLC**

By: */s/ Carl V. Malmstrom*
Carl V. Malmstrom
Attorney No. 285105

111 W. Jackson Blvd., Suite 1700
Chicago, IL 60604
Telephone: (312) 984-0000
Facsimile: (212) 686-0114
E-mail: malmstrom@whafh.com

**BURSOR & FISHER, P.A.**
Joseph I. Marchese*
Max S. Roberts*
888 Seventh Avenue
New York, NY 10019
Telephone: (646) 837-7150
Facsimile: (212) 989-9163
E-mail: jmarchese@bursor.com
           mroberts@bursor.com

**BURSOR & FISHER, P.A.**
Neal J. Deckant*
1990 N. California Boulevard, Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile:  (925) 407-2700
E-mail: ndeckant@bursor.com

*Pro Hac Vice Application Forthcoming*

*Attorneys for Plaintiff and the Putative Class*

# EXHIBIT A4

**This form is approved by the Illinois Supreme Court and is required to be accepted in all Illinois Circuit Courts.**

| STATE OF ILLINOIS, CIRCUIT COURT | APPEARANCE | *For Court Use Only* |
|---|---|---|
| DuPage _____ COUNTY | | |

Candice Adams
e-filed in the 18th Judicial Circuit Court
DuPage County
ENVELOPE: 22242957
2023LA000236
FILEDATE: 4/11/2023 3:59 PM
Date Submitted: 4/11/2023 3:59 PM
Date Accepted: 4/12/2023 11:22 AM
CK

**Instructions ▾**

Directly above, enter the name of the county where the case was filed.

Enter the name of the person or company that filed this case as Plaintiff/Petitioner.

Jason Sprowls
**Plaintiff / Petitioner** *(First, middle, last name or Company)*

v.

Enter the name of the Defendant/Respondent.

Enter the Case Number given by the Circuit Clerk.

Ace Hardware Corporation et al.
**Defendant / Respondent** *(First, middle, last name)*

2023LA000236

**Case Number**

In **1**, check the box next to "Myself," if you are not an attorney. If you are an attorney, enter the name of your client in **1**, check the box next to "Their attorney," and enter your attorney or firm name in the blank.

**1. The appearance of** Honeywell International, Inc. **is entered in this case by:**
  *First          Middle          Last*

  ☐ Myself
  ☑ Their attorney: Blank Rome LLP
  *Attorney or Firm Name*

**2. I would like a trial with** *(check only one; you do not have a right to jury trial in every case)***:**
  ☐ a judge    ☐ a judge and a 6-person jury    ☐ a judge and a 12-person jury

Under Illinois Supreme Court Rule 137, your signature means that you have read the document, that to the best of your belief, it is true and correct and that you are not filing it for an improper purpose, such as to cause delay.

**IMPORTANT:** If you are requesting a trial by jury and e-filing the form, you may need to e-file this form two separate times, once as an Appearance and once as a Jury Demand. Check with Illinois Court Help at ilcourthelp.gov or call (833) 411-1121. You can also check with your local Circuit Clerk's office.

If you are completing this form on a computer, sign your name by typing it. If you are completing it by hand, sign and print your name.

/s/ Jeffrey N. Rosenthal
*Your Signature*

One Logan Square, 130 N. 18th St.
*Street Address*

Jeffrey N. Rosenthal
*Your Name*

Philadelphia, PA 19103
*City, State, ZIP*

Enter your complete address, telephone number, and email address, if you have one.

(215) 569-5553
*Telephone*

jeffrey.rosenthal@blankrome.com
*Email*

353975 CLK

If you are an attorney, enter your firm name and attorney number.

Blank Rome LLP
*Firm Name (if any)*

ARDC 6338497
*Attorney # (if any)*

**GETTING COURT DOCUMENTS BY EMAIL:** You should use an email account that you do not share with anyone else and that you check every day. If you do not check your email every day, you may miss important information, notice of court dates, or documents from other parties.

Enter the Case Number given by the Circuit Clerk: 2023LA000236

## PROOF OF DELIVERY

**1.** I am sending the *Appearance*

   a. To:

| | | | |
|---|---|---|---|
| Name: | Carl | V. | Malmstrom |
| | *First* | *Middle* | *Last* |
| Address: | 111 W. Jackson Blvd., Suite 1700 | Chicago | IL 60604 |
| | *Street, Apt #* | *City* | *State   ZIP* |

      Email address: malmstrom@whafh.com

   b. By:

      ☐ An approved electronic filing service provider (EFSP)

      ☑ *Email (not through an EFSP)*

      *Only use one of the methods below if you do not have an email address, or the person you are sending the document to does not have an email address.*

      ☐ Personal hand delivery to:

          ☐ The party

          ☐ The party's family member who is 13 or older, at the party's residence

          ☐ The party's lawyer

          ☐ The party's lawyer's office

      ☐ Mail or third-party carrier

   c. On: 04/11/2023     at: 4:00     ☐ a.m. ☑ p.m.

      *Date*            *Time*

**2.** I am sending the *Appearance*

   a. To:

| | | | |
|---|---|---|---|
| Name: | Joseph | I. | Marchese |
| | *First* | *Middle* | *Last* |
| Address: | 888 Seventh Ave. | New York | NY 10019 |
| | *Street, Apt #* | *City* | *State   ZIP* |

      Email address: jmarchese@bursor.com

   b. By:

      ☐ An approved electronic filing service provider (EFSP)

      ☑ *Email (not through an EFSP)*

      *Only use one of the methods below if you do not have an email address, or the person you are sending the document to does not have an email address.*

      ☐ Personal hand delivery to:

          ☐ The party

          ☐ The party's family member who is 13 or older, at the party's residence

          ☐ The party's lawyer

          ☐ The party's lawyer's office

      ☐ Mail or third-party carrier

   c. On: 04/11/2023     at: 4:00     ☐ a.m. ☑ p.m.

      *Date*            *Time*

---

Sidebar instructions (left margin):

In **1a**, enter the name, mailing address, and email address of the party you are sending the document to. If they have a lawyer, you **must** enter the lawyer's information.

In **1b**, check the box to show how you are sending the document.

**CAUTION:** If you and the person you are sending the document to have an email address, you **must** use one of the first two options. Otherwise, you may use one of the other options.

In **c**, fill in the date and time that you are sending the document.

In **2**, if you are sending the document to more than 1 party or lawyer, fill in **a**, **b**, and **c**. Otherwise leave **2** blank.

In **2a**, enter the name, mailing address, and email address of the party you are sending the document to. If they have a lawyer, you **must** enter the lawyer's information.

In **2b**, check the box to show how you are sending the document.

**CAUTION:** If you and the person you are sending the document to have an email address, you **must** use one of the first two options. Otherwise, you may use one of the

In **c**, fill in the date and time that you are sending the document.

Enter the Case Number given by the Circuit Clerk: 2023LA000236

| | |
|---|---|
| If you are sending your document to more than 2 parties or lawyers, check the box and file the *Additional Proof of Delivery* with this form. | ☐ I have completed an *Additional Proof of Delivery* form. |

| | |
|---|---|
| Under the Code of Civil Procedure, 735 ILCS 5/1-109, making a statement on this form that you know to be false is perjury, a Class 3 Felony. | **I certify that everything in the *Proof of Delivery* is true and correct. I understand that a false statement on this form is perjury and has penalties provided by law under 735 ILCS 5/1-109.** |

| | | |
|---|---|---|
| If you are completing this form on a computer, sign your name by typing it. If you are completing it by hand, sign and print your name. | /s/ Jeffrey N. Rosenthal<br>*Your Signature* | One Logan Sq., 130 N. 18th St.<br>*Street Address* |
| | Jeffrey N. Rosenthal<br>*Print Your Name* | Philadelphia, PA 19103<br>*City, State, ZIP* |
| Enter your complete address, telephone number, and email address, if you have one. | (215) 569-5553<br>*Telephone* | jeffrey.rosenthal@blankrome.com<br>*Email* |
| | Blank Rome LLP<br>*Firm Name (if any)* | ~~ARDC 6338497~~    353975 CLK<br>*Attorney # (if any)* |

**GETTING COURT DOCUMENTS BY EMAIL:** You should use an email account that you do not share with anyone else and that you check every day. If you do not check your email every day, you may miss important information, notice of court dates, or documents from other parties.

# EXHIBIT A5

APPEARANCE - CIVIL                                                                      2139 (Rev. 12/20)

**UNITED STATES OF AMERICA**
**STATE OF ILLINOIS**     IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT     **COUNTY OF DU PAGE**

**Jason Sprowls, individually and on behalf of all others similarly situated**

vs

**Ace Hardware Corporation and Honeywell International Inc.**

2023-LA-000263

**CASE NUMBER**

Candice Adams
e-filed in the 18th Judicial Circuit Court
DuPage County
ENVELOPE: 22343418
2023LA000236
FILEDATE: 4/18/2023 4:38 PM
Date Submitted: 4/18/2023 4:38 PM
Date Accepted: 4/19/2023 8:27 AM
$K

File Stamp Here

**APPEARANCE**

I hereby enter the appearance of

**Ace Hardware Corporation**

**(Insert the name of the party for whom you are entering the appearance)**

and my own as:

☐ Additional Counsel            ☐ Respondent in Discovery

☐ Appellate Counsel             ☐ Special & Limited Appearance

☐ Court Appointed Counsel      ☐ Substitute Counsel

☐ Guardian Ad Litem            ☐ Trial Counsel

☒ Regular Counsel               ☐ _____

in the above titled cause.

Name:   **Eric Roberts - DLA Piper LLP (US)** ☐ Pro Se

DuPage Attorney Number:   **Firm No. 74250**

Attorney for:   Ace Hardware Corporation

Address:   **444 West Lake Street, Suite 900**

City/State/Zip:   **Chicago, Illinois 60606**

Telephone Number:   **312.368.2167**

Email:   **eric.roberts@dlapiper.com**

/s/ Eric Roberts
_____
Signature of Attorney filing Appearance

Eric M. Roberts
_____
Printed Name

**CANDICE ADAMS, CLERK OF THE 18th JUDICIAL CIRCUIT COURT ©**
**WHEATON, ILLINOIS 60187-0707**

# EXHIBIT A6

**IN THE CIRCUIT COURT OF DUPAGE COUNTY, ILLINOIS**
**EIGHTEENTH JUDICIAL CIRCUIT**

Candice Adams
e-filed in the 18th Judicial Circuit Court
DuPage County
ENVELOPE: 22343418
2023LA000236
FILEDATE: 4/18/2023 4:38 PM
Date Submitted: 4/18/2023 4:38 PM
Date Accepted: 4/19/2023 8:27 AM
SK

**JASON SPROWLS**, *individually and on behalf of all others similarly situated*,

      Plaintiff,

      v.

**ACE HARDWARE CORP.** and
**HONEYWELL INTERNATIONAL INC.,**

      Defendants.

Case No.   2023-LA-000236

## DEFENDANT ACE HARDWARE CORPORATION'S UNOPPOSED MOTION FOR AN EXTENSION OF TIME

Pursuant to Illinois Supreme Court Rule 183, Defendant Ace Hardware Corp. ("Ace Hardware") hereby respectfully requests that the Court extend the deadline for Ace Hardware to respond to the Complaint by 42 days, from Friday, April 21, 2023, to Friday, June 2, 2023. In support, Ace Hardware states:

1.      On March 6, 2023, Plaintiff filed his Complaint.

2.      On March 22, 2023, Plaintiff served the Complaint on Ace Hardware.

3.      Under Illinois Supreme Court Rule 181(a), Ace Hardware's deadline to file its response to the Complaint is April 21, 2023.

4.      On April 11, 2023, counsel for Ace Hardware communicated with Plaintiff's counsel and advised that Ace Hardware believes the claims asserted against it must be arbitrated. To ensure the parties had adequate time to discuss the matter, Ace Hardware requested that its deadline to respond to the Complaint be extended by 42 days to June 2, 2023.

5.      Plaintiff's counsel responded on April 12, 2023, that Plaintiff consented to the extension.

6.     This is Ace Hardware's first request for an extension of time in this matter.

7.     The relief sought herein is not for purposes of delay and will not prejudice any party.

WHEREFORE, for the foregoing reasons, Ace Hardware respectfully requests that the Court extend the deadline for Ace Hardware to respond to the Complaint by 42 days, from April 21, 2023, to June 2, 2023.

**Dated**: April 14, 2023

                              Respectfully submitted,

                              Ace Hardware Corp.


                              By: */s/ Eric Roberts*
                                   One of its attorneys

                              Raj N. Shah (ARDC #06244821)
                              Eric M. Roberts (ARDC #6306839)
                              Ana O. Condes (ARDC #6339460)
                              **DLA Piper LLP (US)-74250**
                              444 West Lake Street, Suite 900
                              Chicago, Illinois 60606
                              raj.shah@us.dlapiper.com
                              eric.roberts@us.dlapiper.com
                              ana.condes@us.dlapiper.com

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certify that on April 18, 2023, I caused a true and correct copy of the foregoing **Ace Hardware's Unopposed Motion for an Extension of Time**, to be served by electronic mail on the following attorneys of record:

Carl V. Malmstrom
malmstrom@whafh.com
Wolf Haldenstein Adler Freeman & Herz LLC
111 W. Jackson Blvd., Suite 1700
Chicago, IL 60604

Max Roberts
mroberts@bursor.com
Neal Deckant
ndeckant@bursor.com
Joe Marchese
jmarchese@bursor.com
Bursor & Fisher, P.A.
888 Seventh Ave.
New York, NY 10019

*Attorneys for the plaintiff*

By: /s/ *Eric Roberts*
      Eric M. Roberts
      DLA Piper LLP (US)